UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASIKLAL BHURALAL SALLA,

                       Petitioner,

  -against-

ALEJANDRO MAYORKAS et al.,

                      Respondents.

23-cv-11047 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Petitioner Rasiklal Bhuralal Salla seeks a writ of mandamus. Am. Compl. at 1, Dkt. 25. He is an Indian national who tried to travel to the United States for his son's wedding. *Id.* at 2, 8. He says that U.S. immigration authorities, Respondents here, arbitrarily and capriciously revoked his visa (years ago) and denied him entry into the United States. *Id.* at 2, 8–9. The wedding has been delayed until Salla can attend. *Id.* at 5. He now asks this Court to order Respondents to reinstate his visa and let him enter the country. *Id.* at 10. Respondents have moved to dismiss. Because Salla's petition is unreviewable, the Court grants the motion.

## LEGAL STANDARDS

Respondents have moved under Federal Rule of Civil Procedure 12(b)(1), (3), and (6). They suggest that the Court lacks subject-matter jurisdiction under the consular-nonreviewability doctrine. But the Supreme Court recently reiterated that "the doctrine of consular nonreviewability is not jurisdictional." *Dep't of State v. Munoz*, 2024 WL 3074425, at *5 n.4 (U.S. June 21, 2024) (citing *Trump v. Hawaii*, 585 U.S. 667, 682–83 (2018)). So the Court treats it as a merits issue.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, the Court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

## DISCUSSION

The Supreme Court has long held that "the admission and exclusion of foreign nationals is a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *Munoz*, 2024 WL 3074425, at *5 (internal quotation marks omitted). When Congress "delegate[s] to executive officials the discretionary authority to admit noncitizens," their decisions "to admit or exclude an alien" are "final" and "immune from judicial

inquiry or interference." *Id.* (citations omitted). Courts have "no role to play unless expressly authorized by law," and the "Immigration and Nationality Act … does not authorize judicial review of a consular officer's denial of a visa." *Id.* (internal quotation marks omitted). The same is true of visa revocations. *See* 8 U.S.C. § 1201(i); *Tarlinsky v. Pompeo*, 2019 WL 2231908, at *2 (D. Conn. May 23, 2019). The Supreme Court has "assumed that a narrow exception to this bar exists when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen." *Munoz*, 2024 WL 3074425, at *6 (internal quotation marks omitted).

"It is clear that [Salla] personally, as an unadmitted and nonresident alien, ha[s] no constitutional right of entry to this country as a nonimmigrant or otherwise." *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972); *see also Munoz*, 2024 WL 3074425, at *5–6. To get around this problem, Salla seems to argue that his exclusion burdens his son's and soon-to-be daughter-in-law's rights. Dkt. 36 at 8–10. (They are a permanent resident and citizen, respectively.)

Yet Salla can't assert their rights. "[A] party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (internal quotation marks omitted). Parties may overcome that general rule only if (1) "the party asserting the right has a close relationship with the person who possesses the right," and (2) "there is a hindrance to the possessor's ability to protect his own interests." *Id.* at 130 (internal quotation marks omitted). Salla has not shown any barrier to his family members' asserting their rights, and the Court sees none.

And even if Salla could assert their rights, he likely would have nothing to assert. The Supreme Court recently held that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *Munoz*, 2024 WL 3074425, at *6. It would seem that, *a fortiori*, a citizen has no fundamental liberty interest in her noncitizen soon-to-be father-in-law's admission to the country to attend her wedding. (The same goes for a permanent resident's father.) To prove otherwise, Salla would need to carefully describe the asserted fundamental liberty interest and show that it is "objectively, deeply rooted in this Nation's history and tradition." *Id.* at 7 (citation omitted). He has made no effort to do so. *See* Dkt. 36 at 8–10.

## CONCLUSION

For these reasons, Respondents' motion to dismiss is GRANTED. The Clerk of Court is directed to close Dkt. 28 and this case.

SO ORDERED.

Dated: July 10, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge